United States District Court
Southern District of Texas
**ENTERED**
August 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-170 |
| | § | |
| SHARON RUIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff Michael Ray West's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

For the reasons set forth below, it is respectfully recommended that Plaintiff's deliberate indifference claims be retained against certain defendants in their individual capacities. It is respectfully recommended further that Plaintiff's remaining deliberate indifference claims against the remaining defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at the Gib Lewis Unit in Woodville, Texas. The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's former assignment to the McConnell Unit in Beeville, Texas.

Plaintiff named the following McConnell Unit officials in his Original Complaint: (1) Grievance Officer Sharon Ruiz; (2) Practice Manager Rudy A. Martisek; (3) Practice Manager Kendra Long; (4) Nurse Felicia Ana-Antu; (5) Nurse Vicky S. Crumbliss; (6) Registered Nurse (RN) Mary B. Snyder; (7) Medical Provider Angela Rodriguez; (8) Medical Provider Erick Echavarry; (9) RN Emily Carrizales; (10) Nurse Donna Pfannstiel; (11) RN Jose A. Chapa; (12) Grievance Officer Jessica Garcia; (13) Practice Manager Tanya Lawson; and (14) Grievance Officer Cecilia R. Selzler. (D.E. 1). Plaintiff claims that Defendants' repeated failure to provide him with adequate medical care following head injuries incurred on June 7 and August 8, 2016, amounts to

deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

Because Plaintiff's allegations in his Original Complaint were insufficient, the undersigned directed Plaintiff to file an amended complaint and set forth more specific allegations against each named defendant. Plaintiff filed his Amended Complaint on July 13, 2018. (D.E. 8). On July 24, 2018, he filed a Second Amended Complaint (D.E. 10) along with a pleading entitled "Jurisdiction and Venue" (D.E. 13). The undersigned construes these pleadings together as Plaintiff's second amended complaint and the operative pleading in this case. Plaintiff sues the same fourteen defendants in his second amended complaint in their individual capacity only. He seeks monetary relief.

Plaintiff alleges the following relevant facts in his second amended complaint. On June 7, 2016, Plaintiff suffered a head injury after which he requested medical attention. On June 20, 2016, Plaintiff filed his first grievance (Grievance No. 2016162289), in which he complained about not receiving adequate medical care for his head injury. Grievance Officer Ruiz and Practice Manager Martisek, who were responsible for reviewing prisoner complaints and grievances, denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injury.

On June 22, 2016, Plaintiff filed his second grievance (Grievance No. 2016164543), in which he complained about not receiving adequate medical care for his head injury suffered on June 7, 2016. Grievance Officer Ruiz and Practice Manager

Long denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injury.

On June 28, 2016, Nurse Ana-Antu provided Plaintiff with inadequate care for his head injury when she falsely reported Plaintiff's medical condition, provided the RN with incorrect information regarding Plaintiff's serious medical condition, and failed to provide the proper medications for Plaintiff's head injury. According to Plaintiff, the actions of Nurse Antu's action caused him ongoing pain and emotional suffering.

On July 4, 2016, Nurse Crumbliss and RN Snyder provided Plaintiff with inadequate care for his head injury when they disregarded the facts of Plaintiff's serious injury and failed to consult with the medical provider for the purposes of prescribing him pain medication and ordering an x-ray. According to Plaintiff, the actions of these defendants caused him ongoing pain and emotional suffering.

On July 11, 2016, Plaintiff was examined by Medical Provider Rodriguez. Plaintiff informed her that the pain medication Naproxen was not helping him with his pain. Medical Provider Rodriguez then provided Plaintiff with inadequate medical care when she discontinued the Naproxen and prescribed Ibuprofen, which also did not help Plaintiff with pain associated with his head injury. Medical Provider Rodriguez also failed to order an x-ray of Plaintiff's head and falsely reported that Plaintiff suffered only from headaches.

On July 19, 2016, Plaintiff informed Medical Provider Echavarry and RN Carrizales that he was in pain, that he could not sleep, and that his pain medications were

not helping him.  Six days later, these defendants documented in Plaintiff's medical records that Plaintiff should not be rescheduled for a medical appointment.

On August 3, 2016, Plaintiff informed Medical Provider Rodriguez that his pain was increasing, that he could not sleep, and that the pain medications were not working. Medical Provider Rodriguez nevertheless prescribed Plaintiff the same medication that was earlier discontinued.  Medical Provider Rodriguez also failed to order an x-ray of Plaintiff's head or to refer him to a head specialist.

On August 16, 2016, RN Chapa and Nurse Pfannstiel documented in Plaintiff's medical records that Plaintiff harmed himself on August 8, 2016 by hitting his head against the wall and then requesting medical treatment.  However, these defendants failed to provide Plaintiff with any treatment for his head injury such as ordering any follow-up care, ensuring adequate medication would be prescribed, and referring Plaintiff to a medical provider or head specialist.

On September 12, 2016, Plaintiff filed his third grievance (Grievance No. 2017005349), in which he complained about not receiving adequate medical care for his head injuries suffered on June 7 and August 8, 2016.  Despite knowing about Plaintiff's injuries and the serious pain he was suffering, Grievance Officer Ruiz and Practice Manager Lawson denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injuries.

On September 26, 2016, Plaintiff filed his fourth grievance (Grievance No. 2017013044), in which he complained about not receiving adequate medical care for his head injuries suffered on June 7 and August 8, 2016.  Despite knowing about Plaintiff's

injuries and the serious pain he was suffering, Grievance Officer Garcia and Practice Manager Lawson denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injuries.

On October 23, 2016, Plaintiff filed his fifth grievance (Grievance No. 201703079), in which he complained about not receiving adequate medical care for his head injuries suffered on June 7 and August 8, 2016. Despite knowing about Plaintiff's injuries and the serious pain he was suffering, Grievance Officer Selzler denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injuries.

On November 9, 2016, Plaintiff filed his sixth grievance (Grievance No. 2017013044), in which he complained about not receiving adequate medical care for his head injuries suffered on June 7 and August 8, 2016. Despite knowing about Plaintiff's injuries and the serious pain he was suffering, Grievance Officer Selzler and Practice Manager Lawson denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injuries.

On November 10, 2016, Plaintiff filed his seventh grievance (Grievance No. 2017038901), in which he complained about not receiving adequate medical care for his head injuries suffered on June 7 and August 8, 2016. Despite knowing about Plaintiff's injuries and the serious pain he was suffering, Grievance Officer Ruiz and Practice Manager Lawson denied Plaintiff any relief as to his grievance and otherwise failed to cause Plaintiff to receive medical attention for his head injuries.

On November 23, 2016, Plaintiff informed Medical Provider Rodriguez that the pain medications prescribed to him were not working. Medical Provider Rodriguez advised Plaintiff that he would not need any pain medication if he would stop harming himself. She then prescribed Plaintiff with the same pain medication that had not been working. Medical Provider Rodriguez failed to refer him to a head specialist.

### III. LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a

legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

IV.   DISCUSSION.

Plaintiff claims that each of the named defendants acted with deliberate indifference to his serious medical needs. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

To state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that the officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303.(1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837. In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v.*

*Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

However, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). Negligent medical care does not constitute a valid § 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).

### A. Defendants Ana-Antu, Crumbliss, Snyder, Carrizales, Pfannstiel, Chapa, Rodriguez, and Echavarry

Plaintiff alleges that he sustained serious head injuries on June 7 and August 8, 2016, when he banged his head against the wall. According to Plaintiff, his head injuries caused him to suffer serious pain continuously for a long period of time and difficulty sleeping. Plaintiff alleges that, from June through November 2016, he repeatedly complained about his head injuries to Defendants Ana-Antu, Crumbliss, Snyder, Rodriguez, Echavarry, Carrizales, Pfannstiel, and Chapa but that each of these unit nurses ignored his complaints and effectively denied providing Plaintiff with medical attention for his head injury. Plaintiff further alleges that he was examined on various occasions during this time period by Defendants Rodriguez and Echavarry but that these medical providers failed to order an x-ray for Plaintiff's head condition despite knowing he was

suffering from serious pain and lack of sleep, failed to refer him to a head specialist, and repeatedly prescribed him ineffective pain medications.

Accepting Plaintiff's allegations as true, which is required at this stage of the proceedings, Plaintiff has alleged sufficient facts to state deliberate indifference claims against these medical officials for denial of adequate medical treatment in violation of the Eighth Amendment. Accordingly, the undersigned recommends retaining Plaintiff's deliberate indifference claims against Defendants Ana-Antu, Crumbliss, Snyder, Carrizales, Pfannstiel, Chapa, Rodriguez, and Echavarry.

### B. Defendants Ruiz, Martisek, Long, Garcia, Lawson, and Selzler

Plaintiff alleges that: (1) he filed numerous grievances complaining about the repeated failure to provide him with medical treatment for his head injury sustained on June 7 and August 8, 2017; and (2) Defendants Ruiz, Martisek, Long, Garcia, Lawson, and Selzler effectively denied him medical care by reviewing Plaintiff's grievances and failing to cause Plaintiff to receive medical attention for his head injuries.

Plaintiff's allegations indicate that Defendants Ruiz, Martisek, Long, Garcia, Lawson, and Selzler became aware of Plaintiff's complaints regarding inadequate medical care for his head injury through the grievance process. These defendants however, were not personally involved in the decisions made by the prison's medical personnel in treating Plaintiff for his head injuries. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.")

Plaintiff's allegations, at best, point to his dissatisfaction with the investigations into his grievances and the ultimate decisions by Defendants Ruiz, Martisek, Long, Garcia, Lawson, and Selzler to provide no relief in connection with Plaintiff's grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, the undersigned recommends dismissing Plaintiff's claims against Defendants Ruiz, Martisek, Long, Garcia, Lawson, and Selzler in their individual capacities.

V.  **CONCLUSION.**

For the reasons stated above, it is respectfully recommended that Plaintiff's deliberate indifference claims against Defendants Ana-Antu, Crumbliss, Snyder, Carrizales, Pfannstiel, Chapa, Rodriguez, and Echavarry in their individual capacities be retained. By separate order, the undersigned will direct service on these defendants. It is respectfully recommended further that Plaintiff's remaining deliberate indifference

claims against the remaining Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 28th day of August, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

# NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).