Southern District of Texas
**ENTERED**
September 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-170 |
| | § | |
| SHARON RUIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Michael Ray West, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Second Motion for Appointment of Counsel. (D.E. 22).

On August 24, 2018, the undersigned denied Plaintiff's first motion for appointment of counsel without prejudice to renew after the screening process has been completed. (D.E. 17). On August 28, 2018, the undersigned issued a Memorandum and Recommendation, recommending that the Court retain Plaintiff's deliberate indifference claims against certain defendants in their individual capacities. (D.E. 19). The undersigned ordered service of Plaintiff's Second Amended Complaint on these defendants (D.E. 20), who have yet to file an answer in this case. Plaintiff seeks the appointment of counsel to assist him in litigating his claims in this case. (D.E. 22).

The Supreme Court has held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se

1

litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's deliberate indifference claims retained in this case are not complex issues.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* As review of the record in this case reflects that Plaintiff has adequately prepared his Second Amended Complaint and presented his claims therein. Overall, he has not shown to date an inability to adequately investigate and present his deliberate indifference claims.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence

and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 22) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 17th day of September, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE